## FIRST NAT. BANK OF HAGERSTOWN et al. v. CRISSINGER, Comptroller of Currency.

(Circuit Court of Appeals, Fourth Circuit. March 1, 1922.)

No. 1940.

**Banks and banking ⚙=71—Appointment of temporary receiver in suit to dissolve solvent bank is proper.**

In a suit by the Comptroller of the Currency to dissolve a national bank for violation by its officers and directors of the provisions of the national banking laws (Comp. St. § 9657 et seq.), the institution of which suit would naturally cause financial embarrassment to the bank, the appointment of a receiver for the bank was not only within the discretion of the chancellor, but the exercise thereof was wise and prudent, even though it was not alleged that the bank was insolvent.

**2. Appeal and error ⚙=781(4)—Appeal from appointment of receiver dismissed, as moot, after he has been discharged.**

An appeal from the appointment of a receiver for a national bank, in a suit to dissolve a bank for violation by its officers of Comp. St. §§ 9786, 9831, will be dismissed, as moot, where the officers and stockholders whose conduct was attacked had sold their interests in the bank, and the receiver had been discharged after returning the property to the purchasers and the suit had been dismissed.

**3. Appeal and error ⚙=150(2)—Officers and stockholders of bank have no interest in appeal from appointment of receiver after selling their stock.**

The officers and stockholders of a bank whose misconduct resulted in a suit for dissolution of the bank and appointment of a receiver, have no interest entitling them to maintain an appeal from the appointment of the receiver after they had sold their stock and resigned their offices.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Suit by Daniel R. Crissinger, as Comptroller of the Currency of the United States, against the First National Bank of Hagerstown, a national banking corporation, and others. From an order appointing a receiver for the bank, defendants appeal. Appeal dismissed.

H. F. Wingert and Miller Wingert, both of Hagerstown, Md., for appellants.

Robert R. Carman, U. S. Atty., of Baltimore, Md., for appellee.

Before KNAPP and WADDILL, Circuit Judges, and McDOWELL, District Judge.

WADDILL, Circuit Judge. On the 28th of September, 1921, the appellee, Daniel R. Crissinger, Comptroller of the Currency of the United States of America, acting on his own initiative, and at the instance of the Federal Reserve Board of the United States, filed the bill in equity in this cause against the First National Bank of Hagerstown, Md., its officers and directors. The purpose of the bill was to bring

---

⚙=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

about the forfeiture of the bank's charter, under sections 9786 and 9831 of the Compiled Statutes, because of alleged violations on the part of the bank of certain provisions of the Federal Reserve and the national banking laws of the United States.

In the bill of complaint the officers and directors of the bank, and the bank itself, are charged with failure to establish and maintain the reserve required by law; making new loans without maintaining the reserve required by law; paying cash dividends when the reserve was below legal requirement; making excessive loans, including loans to the cashier, officers, and directors of said bank, as well as other persons, firms, and corporations; making excessive loans to corporations in which officers of the bank were financially interested; making excessive loans to the relatives of the officers and directors of the bank; entering into an agreement with another banking institution with the purpose of covering up violations by it of the banking laws of the United States; lending money, taking as security therefor the bank's own stock; purchasing for investment, shares of the capital stock of private corporations; employing and keeping in the employ of the bank, a cashier known to the directors to be engaged in extensive speculative transactions in stocks and bonds.

Sections 9786 and 9831 of the Compiled Statutes, referred to, are as follows:

"Should any national banking association in the United States now organized fail within one year after the passage of this act to become a member bank or fail to comply with any of the provisions of this act applicable thereto, all of the rights, privileges, and franchises of such association granted to it under the National Bank Act or under the provisions of this act shall be thereby forfeited. Any noncompliance with or violation of this act shall, however, be determined and adjudged by any court of the United States of competent jurisdiction in a suit brought for that purpose in the district or territory in which such bank is located, under direction of the Federal Reserve Board, by the Comptroller of the Currency in his own name before the association shall be declared dissolved. * * *" Comp. Stat. § 9786, subsec. 6.

"If the directors of any national banking association shall knowingly violate, or knowingly permit any of the officers, agents, or servants of the association to violate any of the provisions of this title all the rights, privileges and franchises of the association shall be thereby forfeited. Such violation shall, however, be determined and adjudged by a proper circuit, district, or territorial court of the United States, in a suit brought for that purpose by the Comptroller of the Currency, in his own name, before the association shall be declared dissolved. And in cases of such violation, every director who participated in or assented to the same shall be held liable in his personal and individual capacity for all damages which the association, its shareholders, or any other person, shall have sustained in consequence of such violation." Comp. Stat. § 9831 (National Banking Law).

Section 9826 of the United States Compiled Statutes (Act June 30, 1876, c. 156, 19 Stat. 63) provides that upon the ascertainment by the court that the facts warrant the forfeiture of the bank's charter, the Comptroller may appoint a receiver to close and wind up the affairs of the bank.

The complainant in this cause does not allege insolvency of the bank as a reason for the forfeiture of the bank's charter, but relies solely upon the irregularities charged and set forth in the bill as the neces-

sity for so doing, and complainant particularly charged that, upon the filing of the bill, it would be necessary and imperative that a receiver should be appointed to hold and preserve the assets of the bank, pending the hearing of the cause on its merits, as otherwise the mere institution of such a proceeding would result in large numbers of the bank's depositors, and especially those conveniently at hand, or early hearing of the action, withdrawing or demanding immediate payment of their entire deposits, which would operate to the serious disadvantage of the remaining creditors of the bank, as well as the owners thereof, and in the end render the institution unable to pay its remaining obligations. Prayer was accordingly made for the appointment of a receiver.

The bill was duly verified by affidavit, and upon the filing of the same, the court, on the 28th day of September, 1921, certified that in its judgment it was necessary and imperative, and for the best interest of all parties concerned, that a temporary receiver should be chosen, to hold and preserve the assets of the bank until such time as the hearing could be had upon the bill of complaint and answer thereto, and appointed Robert D. Garrett as such receiver, who immediately upon executing the bond, in the penalty of $50,000, required of him, possessed himself of all the assets, effects, and estate of the bank.

On the 6th of October, 1921, the complainant filed a petition in the cause, reciting as follows:

"First. That since the filing of the bill of complaint in this case and the appointment of a receiver for the defendant bank by this honorable court the defendants Henry F. Wingert and Miller Wingert, together with their brothers, William Wingert and Lewis P. Wingert, and their sisters, Martha A. Wingert and Julia E. Reamer, and the cashier of said bank, J. Edgar Young (hereinafter called the vendors), have entered into a contract with Messrs. Alexander Armstrong, W. Bladen Lowndes, Emory L. Coblen, Cyrus Flock, and Hambledon & Company (hereinafter called the purchasers), whereby the said vendors have legally bound themselves to transfer to the said purchasers, for a consideration, all of the capital stock of the defendant bank owned by the said vendors, amounting in all to fifty-five hundred (5,500) shares, the same constituting a majority of the authorized and outstanding capital stock thereof."

The petitioner further averred that, by the agreement set forth in the above-quoted recital, the present officers of the bank, the defendant directors and the cashier, would forthwith tender their resignations to take effect immediately, and further alleged that he was familiar with the terms of said agreement referred to in paragraph 1 of the petition as aforesaid, and approved the same; that it was his belief and opinion that the purchasers of the stock of the bank under the new agreement were experienced and capable banking men, who would in all respects comply with the laws of the United States regulating the management and control of national banks, and he asked and prayed that the said receivership proceeding be discontinued, the assets of the bank returned to it, and the suit dismissed, upon the coming in of the receiver's report showing his transactions in the premises.

On the day of the filing of this petition, to wit, on the 6th of October, 1921, an order was entered reciting that it was expedient so to do, and that the discontinuance of the receivership would not work injury or

damage to the bank or its creditors, the receiver was withdrawn, and forthwith ordered to release and restore to the bank the assets in his possession.

The appellants herein, at this time, upon the entering of the order discontinuing the receivership, made known to the court their intention to take an appeal from the decree of the 28th of September, 1921, appointing the receiver; but they took no steps at the time to that end, or to stay further proceedings pending the appeal, until the 14th day of October, 1921, when they presented their petition and assignment of errors, and secured an appeal, without suspension or supersedeas. In the meantime, and thereafter, the court proceeded in the cause as contemplated by section 129 of the Judicial Code (Comp. St. § 1121), and later on, on the 28th of November, 1921, on motion of the complainant, and with the consent and approval of the bank as then constituted, approved the action and doings of the receiver, and directed the bill dismissed.

The cause is now before the court solely upon the appeal from the order appointing the receiver; the single assignment of error being that such appointment should not have been made in the absence of an averment that the bank was insolvent. The complainant and the defendant bank each move to dismiss the appeal, because the same presents only a moot question, and that the appellants have no further interest in the subject-matter of the litigation.

[1] The disposition of the case upon the motion to dismiss makes it unnecessary to pass upon the merits of the original appointment. Without meaning so to do, we may say, in passing, that it appears to the court that the action taken in the circumstances of this case was not only in the discretion of the chancellor, but that the exercise thereof was wise and prudent. Pomeroy's Eq. Jur. (2d Ed., 1919), vol. 4, §§ 1537, 1541, 1542. No loss was sustained by the appointment of the receiver, and it certainly resulted in averting serious consequences. The contrary course might have proven most disastrous, from a financial viewpoint, to the bank and all parties in interest.

[2] The motion to dismiss the appeal manifestly should be granted. There is no longer any justiciable controversy between the parties; the receiver has been appointed, has acted, and been discharged. He returned and surrendered to the bank all of the property and estate coming into his possession and subject to his control, and his action has been fully and finally approved by the court appointing him. The complainant no longer seeks the intervention of the court for any purpose, but, on the contrary, approves what has been done; and the defendants in interest, the bank, its directors, and officers, as now constituted, have no cause of complaint, and concur in the action taken.

[3] The appellants seeking to prosecute the appeal have no manner of interest in the subject-matter of the litigation. Having sold and parted with their holdings in the bank pendente lite (4 Corp. Jur. 575, and cases cited), they cannot and should not be heard to dictate and control litigation in which others alone are interested.

The appeal will be dismissed at the cost of the appellants.

Dismissed.